# In the United States Court of Federal Claims

No. 22-1592C
(Filed: June 21, 2024)
**FOR PUBLICATION**

*************************************
```
ACCURA ENGINEERING AND        *
CONSULTING SERVICES, INC.,    *
                              *
              Plaintiff,      *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
              Defendant,      *
                              *
          and                 *
                              *
VANGUARD PACIFIC, LLC,        *
                              *
     Defendant-Intervenor.    *
                              *
```
*************************************

## OPINION AND ORDER

Plaintiff Accura Engineering and Consulting Services, Inc. ("Accura") filed a bid protest in this Court. *See* Compl. (ECF 1). I granted Plaintiff's motion for judgment on the administrative record and remanded the case to the agency for reconsideration. *See Accura Eng'g & Consulting Servs. v. United States*, 167 Fed. Cl. 258 (2023) ("*Accura I*"). The parties jointly stipulated to dismiss the case with prejudice. Joint Stip. (ECF 51). Plaintiff then moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"). Pl.'s Mot. for Fees (ECF 52); Def.'s Resp. (ECF 55); Pl.'s Reply (ECF 56); *see* 28 U.S.C. § 2412.

Because Plaintiff satisfies all of the EAJA's requirements, Plaintiff's motion is **GRANTED**.

## DISCUSSION

### I. Legal Standard

The EAJA authorizes payment of attorneys' fees to "a prevailing party other than the United States" when: (1) the fee application, including an itemized

statement of fees, is filed within 30 days of final and unappealable judgment; (2) the party, at the time it commenced the action, was an enterprise worth no more than $7 million that employed no more than 500 employees; (3) the party was the "prevailing party" against the United States; (4) the government's position was not "substantially justified"; and (5) no special circumstances make an award of attorneys' fees unjust. *See* 28 U.S.C. § 2412(d); *WHR Group, Inc. v. United States*, 121 Fed. Cl. 673, 676 (2015).

The burden of proof is on the movant to prove the first three conditions, but once the movant satisfies it, the burden shifts to the government to disprove the final two. *See Ramcor Servs. Grp., Inc. v. United States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999); *AGMA Sec. Serv. v. United States*, 160 Fed. Cl. 384, 398 (2022) (citing *Sabo v. United States*, 127 Fed. Cl. 606, 633 (2016), *aff'd,* 717 F. App'x 986 (Fed. Cir. 2017)).

## II. <u>Analysis</u>

### A. **Plaintiff's Burden**

The government does not contest that Accura has met the first three elements. Nonetheless, because the EAJA is "a waiver of sovereign immunity, [which] must be strictly construed," *Starry Assocs. v. United States*, 892 F.3d 1372, 1380 (Fed. Cir. 2018), and because Plaintiff has the burden to prove its EAJA eligibility, *see Ramcor Servs.*, 185 F.3d at 1288, I will address them.

The motion is timely. Although the parties stipulated to dismissal on October 13, 2023, *see* Joint Stip. — and the case was dismissed that day — the time to move for fees still runs from the date when the time to appeal expired. *See Impresa Construzioni Geom. Domenico Garufi v. United States*, 531 F.3d 1367, 1371 (Fed. Cir. 2008); *Bly v. Shulkin*, 883 F.3d 1374, 1376–77 (Fed. Cir. 2018). Because the United States was the defendant, the parties had sixty days, through December 12, to notice an appeal. *See* Fed. R. App. P. 4(a)(1)(B). That started the EAJA's thirty-day countdown to January 11, 2024. Plaintiff filed its motion on January 10. *See* Pl.'s Mot. for Fees.

Plaintiff meets the size-and-net-worth requirements of the EAJA. Plaintiff's original motion failed to document that it met those requirements. *See* Order (ECF 57). I exercised my discretion to allow Plaintiff to supplement its motion with additional evidence, *id.*, and Plaintiff did so. *See* Pl.'s Supp. Br. (ECF 60); Def.'s 2d Resp. (ECF 61). Plaintiff's supplemental documentation is sufficient to show that, at the time it filed the complaint in this action, it was qualified to move for attorneys' fees. *See* Pl.'s Supp. Br. Exs. 1, A–D; *see also Fields v. United States*, 29 Fed. Cl. 376, 382 (1993).

Plaintiff is also the prevailing party. In *Accura I*, I held that the government violated the plain text of the Brooks Act during the challenged procurement. 167 Fed. Cl. at 268; 40 U.S.C. §§ 1102–1104. On that basis, I ordered a remand to the agency for reconsideration. *Accura I*, 167 Fed. Cl. at 272. Here, remand constituted "a judicial *imprimatur* tantamount to a judgment in favor of that party on the merits of the original claim." *Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005) (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 605 (2001)).

## B. Defendant's Burden

Because Plaintiff has successfully proven the first three elements required by the EAJA, the burden shifts to the government to rebut the final two.

The government argues principally that its litigation position was "substantially justified 'in light of the deference accorded agency adjudication.'" Def.'s Resp. at 6 (quoting *Griffin & Dickson v. United States*, 21 Cl. Ct. 1, 7 (1990)). But that argument misses the mark. The procurement process that the government defended in this Court violated the plain text of the Brooks Act. *See Accura I*, 167 Fed. Cl. at 268. Deference to agency adjudication does not extend to plain statutory violations. *Cf. Loving v. Internal Rev. Serv.*, 742 F.3d 1013, 1021–22 (D.C. Cir. 2014).

Given that the government's position in the procurement and litigation rested on obvious legal error, the government's conduct as a whole was not justified. *See Blakley v. United States*, 593 F.3d 1337, 1341 (Fed. Cir. 2010); *Superior Optical Labs, Inc. v. United States*, 157 Fed. Cl. 140, 146 (2021). It is true that the government can show substantial justification if "it adopted a reasonable, albeit incorrect, interpretation of a particular statute or regulation." *Patrick v. Shinseki*, 668 F.3d 1325, 1330–31 (Fed. Cir. 2011). But if "the government interprets a statute in a manner that is contrary to its plain language and unsupported by its legislative history, it will prove difficult to establish substantial justification." *Id.* This Court has therefore found that "taking a position that is directly contrary to an Act of Congress is unreasonable." *Superior Optical*, 157 Fed. Cl. at 146 (citing *Patrick*, 668 F.3d at 1333).

The government argues that this Court's request for supplemental briefing after the hearing on the parties' motions for judgment on the administrative record shows that the issue on which Plaintiff prevailed "was not clear-cut." Def.'s Resp. at 7. That is not an accurate account of the procedural history. I permitted the parties an opportunity to file short letters developing their responses to issues raised at the hearing, *see* Order (ECF 38); *see also* Tr. at 24, 73 (ECF 50), but I ultimately found that the statutory text was not ambiguous, *see Accura I*, 167 Fed. Cl. at 268. The

agency cannot defend its statutory violations by pointing to measures taken by the Court to ensure a complete record and fairness to the parties. In any event, the parties' supplemental letters hardly addressed the text of the Brooks Act, *see* Def.'s Letter (ECF 39); Intervenor's Letter (ECF 40); Pl.'s Letter (ECF 41), and so did little to complicate the straightforward textual issue.

The government next says that its position was substantially justified because it prevailed in the Government Accountability Office ("GAO") protest Plaintiff filed before coming to this Court. *See* Def.'s Resp. at 7. But that is irrelevant to EAJA motions: "[E]ven if prior GAO decisions had found in favor of the government's position, that position would not automatically or necessarily have been substantially justified." *Metro. Van & Storage, Inc. v. United States*, 101 Fed. Cl. 173, 189 (2011). The logic of that rule is plain. If the government's position were substantially justified whenever it prevails at a lower tribunal, "attorney's fees never could be awarded in favor of an appellant against the government." *Patrick*, 668 F.3d at 1333 (citing *Broad Ave. Laundry & Tailoring v. United States*, 693 F.2d 1387, 1392 (Fed. Cir. 1982)). Furthermore, the GAO decision did not address the argument on which Plaintiff ultimately prevailed, *see* AR 2345–55 (ECF 22), so it has no bearing on justification for the Brooks Act violation.

As the government points out, Accura did not succeed on all the issues it raised in this Court. *See* Def.'s Resp. at 8. But it does not follow that the government's position was substantially justified. When an agency action has a fatal flaw, after all, the government is not justified in defending it merely because the action was compliant in other respects. Put another way, if one flaw is enough to set the agency action aside, it can also be enough — if sufficiently plain — to make defending the action unjustifiable. The government cites no authority to the contrary.

Turning to the final prong, the government points again to the arguments on which Accura did not succeed. The government reasons that because Accura "made seven arguments but did not prevail on six of them," the fee award should be reduced. Def.'s Resp. at 11. The government cites several cases for the proposition that when a litigant achieves a partial success, it should receive a partial fee award. *Id.* at 9–12 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Community Heating & Plumbing Co., Inc. v. Garrett*, 2 F.3d 1143, 1146 (Fed. Cir. 1993); *Filtration Dev. Co., LLC v. United States*, 63 Fed. Cl. 612, 626–27 (2005)).

The government's argument confuses two distinct situations, as identified by the Supreme Court. When a litigant "present[s] in one lawsuit distinctly different claims for relief that are based on different facts and legal theories … work on an

unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 434–35 (quotes omitted).

But there are other cases where a plaintiff "present[s] only a single claim" or where "the plaintiff's claims for relief … involve a common core of facts or [are] based on related legal theories." *Hensley*, 461 U.S. at 435. "Such a lawsuit cannot be viewed as a series of discrete claims," so if the plaintiff is successful in light of the "overall relief obtained," an EAJA award should "encompass all hours reasonably expended on the litigation." *Id*. A fee award can be reduced if plaintiff has achieved "only partial or limited success" on a single claim or interrelated claims, *id*. at 436, but the Supreme Court has ruled out the government's argument-by-argument approach for successful plaintiffs:

> In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id*. (citation and footnote omitted).

This case falls into the second category discussed by the Supreme Court: Accura's claims were substantively interrelated and directed at a single type of relief. And Accura's success was essentially complete: The agency was enjoined from making the award to the original successful bidder and the matter was remanded for further proceedings. *Accura I*, 167 Fed. Cl. at 272, 276. Plaintiff thus received substantially all of the relief that it requested in its motion for judgment on the administrative record. *See* Pl.'s MJAR at 40 (ECF 24); *Accura I*, 167 Fed. Cl. at 276.

That distinguishes this case from decisions discounting fee awards when plaintiffs achieve only partial success. *See, e.g.*, *Community Heating & Plumbing Co.*, 2 F.3d at 1145–46; *Filtration Dev. Co.*, 63 Fed. Cl. at 626; *Arnold v. United States*, 166 Fed. Cl. 267, 287–90 (2023). Plaintiff obtained its desired outcome in this Court, so the fact that I rejected or did not reach alternative grounds for the same outcome is not a permissible reason to reduce the fee award. *Hensley*, 461 U.S. at 435.

Finally, the government urges that Plaintiff's fee award should be reduced because some attorney time entries are too vague. The basic standard, though, is only that "counsel should identify the general subject matter of his time expenditures," *Hensley*, 461 U.S. at 437 n.12, which Plaintiff's counsel's entries certainly do.

Courts have sometimes refused to award full fees for large, unnecessary, discrepant, or duplicative amounts of time recorded in repetitive, generic, or overinclusive terms. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970–71 (D.C. Cir. 2004); *Greenhill v. United States*, 96 Fed. Cl. 771, 780–82 (2011). But the government has not pointed to any such problems with Plaintiff's counsel's timesheets. At most, the government points out that when Plaintiff's counsel were occupied with drafting briefs, timesheet entries were similar from lawyer to lawyer and from day to day. Def.'s Resp. at 12–13. But there is nothing especially surprising about that, especially in a case — again, like this one — where the issues being briefed are related to the same facts and the same requested relief. *See KMS Fusion, Inc. v. United States*, 39 Fed. Cl. 593, 601 (1997). The government does not identify any other grounds for suspicion about the amounts or uses of time. The descriptions are therefore sufficient.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees is **GRANTED**. Plaintiff is awarded $45,100 in attorneys' fees.[1] The Clerk is instructed to enter judgment for Plaintiff in the amount of $45,100.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

---

[1] I include Plaintiff's fees incurred in briefing the EAJA motion. *See Scarborough v. Principi*, 541 U.S. 401, 419 n.6 (2004); *Wagner v. Shinseki*, 640 F.3d 1255, 1259–60 (Fed. Cir. 2011); *Filtration Dev. Co.*, 63 Fed. Cl. at 626.